**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

DENNIS MICHAEL GIECK,

       Plaintiff - Appellant,

  v.

SELEAINA ANN THOMAS; et al.,

       Defendants - Appellees.

No. 08-57049

D.C. No. 3:06-cv-02719-IEG-JMA

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief Judge, Presiding

Submitted November 17, 2009[**]

Before:    ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

    Dennis Michael Gieck, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging First

Amendment, Eighth Amendment, and due process violations arising from his

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

placement in the Outpatient Housing Unit ("OHU") at Calipatria State Prison. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on the due process claims because Gieck did not raise a triable issue as to whether his four-day placement in the OHU imposed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The district court properly granted summary judgment on the Eighth Amendment claim because Gieck did not raise a triable issue as to whether the treatment provided by Nurse Practitioner Thomas "was medically unacceptable under the circumstances, and was chosen in conscious disregard of an excessive risk to the prisoner's health." *Toguchi*, 391 F.3d at 1058 (internal quotation marks and citation omitted).

The district court properly granted summary judgment on the retaliation claims because Gieck did not produce evidence suggesting that defendants placed him in the OHU and reduced his medication in reprisal for exercising his First Amendment rights. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (listing necessary elements of a retaliation claim).

Gieck's remaining contentions are unpersuasive.

**AFFIRMED.**